UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIE PAULISIN & JOHN PAULISIN )<br>    Plaintiffs, )<br> )<br> )<br> )<br>v. )<br> )<br>CREDIT BUREAU COLLECTION SERVICES, INC. )<br>    Defendant )<br>_____) | CIVIL ACTION<br><br>JURY TRIAL CLAIMED<br><br><br>JULY 29, 2011 |

## COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and includes a pendent claim brought under State law for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff Marie Paulisin is a natural person residing in Southbury, Connecticut and is a consumer as defined by the FDCPA 15 U.S.C. §1692a(3).

3. Plaintiff John Paulisin is a natural person residing in Southbury, Connecticut, is a consumer as defined by the FDCPA 15 U.S.C. §1692a(3), and is the husband of Plaintiff Marie Paulisin.

4. The defendant, Credit Bureau Collection Services, Inc. ("CBCS"), is an Ohio corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

5. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337.

6. This Court has jurisdiction over CBCS because it engages in debt collection within Connecticut.

7. Venue in this Court is proper, because the Plaintiffs are residents and the acts complained of occurred in this state.

8. CBCS alleged that Plaintiff John Paulisin owed a debt on a consumer account (the "Account"), and CBCS started calling Plaintiffs' residence in an attempt to collect on the Account.

9. Beginning in March of 2011 and continuing through July 2011, CBCS called Plaintiffs' home in an attempt to collect on the Account and left messages on a home answering machine that referenced the alleged debt.

10. Plaintiffs' children heard the aforementioned messages, and this caused Plaintiffs to suffer emotional distress in the form of embarrassment, shame, stress and anxiety.

11. Plaintiffs suffered an ascertainable loss in the form of postage fees and travel expenses which they incurred in an attempt to stop CBCS's illegal collection activities.

12. CBCS violated the FDCPA and CUTPA by its collection activities, as described above.

WHEREFORE, the Plaintiffs seek recovery of monetary damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, statutory punitive damages, and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and such other relief as this Court deems appropriate.

**PLAINTIFFS, MARIE PAULISIN & JOHN PAULISIN**

By: /s/Daniel S. Blinn
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax (860) 571-7457